COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Mitchell S. Griffin (SBN 114881)
190 The Embarcadero
San Francisco, CA 94105
Email Address: mgriffin@cwghp.com
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendant YANG MING
(AMERICA) CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>YANG MING (AMERICA)<br>CORPORATION, a corporation,<br><br>    Defendant. | Civil Action No.: C07-06412<br><br>**UNVERIFIED ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES** |

Defendant Yang Ming (America) Corporation ("Defendant") hereby answers Darryl Jackson's ("Plaintiff") Complaint for Damages as follows:

1. Paragraph 1 of the Complaint is jurisdictional in nature and does not contain any charging allegations against Defendant. To the extent Plaintiff predicates this Court's subject-matter jurisdiction on the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et. seq.*, or the General Maritime Law, Defendant lacks sufficient information and belief to respond to such allegations, and on that basis denies the same.

2. Answering paragraph 2 of the Complaint, Defendant admits that at all times material hereto it was a corporation with its principal offices in Jersey City, New Jersey, and doing business within the Northern District of California.

3. Answering paragraph 3 of the Complaint, Defendant lacks sufficient information and belief to respond to Plaintiff's allegations regarding his employment on December 15, 2006, and on that basis denies the same.

4.    Answering paragraph 4 of the Complaint, Defendant admits that on December 15, 2006, it operated the M/V WEALTH. Except as so admitted, Defendant denies the allegations contained in said paragraph.

5.    Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.    Answering Paragraph 6 of the Complaint, Defendant lacks sufficient information and belief to respond to the allegations contained in said paragraph, and on that basis denies the same.

7.    Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.    Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.    Answering Paragraph 9 of the Complaint, Defendant lacks sufficient information and belief to respond to the allegation that the amount in controversy exceeds $75,000 exclusive of interest and costs, and on that basis denies the same.

10.    Defendant denies the allegations contained in paragraph 10 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Cause of Action)

1.    As a first affirmative defense, Defendant alleges that neither the Complaint nor any of the claims therein state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**
(Comparative Negligence)

2.    As a second affirmative defense, Defendant alleges that the injuries and damages complained of by Plaintiff, if any there were, were directly and proximately caused, either wholly or in part, by the negligence of persons or entities other than Defendant, and that such negligence is either imputed to Plaintiff by reason of the relationship between Plaintiff and those other persons or entities, or comparatively reduces the proportion of negligence and corresponding liability of Defendant.

**THIRD AFFIRMATIVE DEFENSE**
(Contributory Negligence)

3.    As a third affirmative defense, Defendant alleges that Plaintiff was negligent in and about the matters contained in the Complaint, and each claim therein, and that such negligence contributed directly and proximately to the incident giving rise to the Complaint

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

and the damages alleged therein.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

4. As a fourth affirmative defense, Defendant alleges upon information and belief that Plaintiff has unreasonably failed to act in such a manner as to mitigate the damages of which he complains, if any there were.

### FIFTH AFFIRMATIVE DEFENSE
(Laches)

5. As a fifth affirmative defense, Defendant alleges that Plaintiff has unreasonably delayed notifying Defendant of the claims alleged in his Complaint, and has unreasonably delayed prosecuting the same after the alleged cause of action arose. Defendant further alleges that by reason of such delay, the recollections of witnesses have become unclear, witnesses have become unavailable, such delay has prejudiced Defendant in preparing and presenting its defenses herein. Under such circumstances, the Plaintiff's claims and actions thereon are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

6. As a sixth affirmative defense, Defendant alleges that Plaintiff's Complaint and the claims contained therein are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

7. As a seventh affirmative defense, Defendant alleges that Plaintiff is precluded from recovery against Defendant pursuant to the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
(California State Workers' Compensation Act)

8. As an eighth affirmative defense, Defendant alleges that the cause of action alleged in the Complaint is barred by the provisions of the California Workers' Compensation Act, and in particular, California Labor Code Section 3600 *et seq.*, in that Plaintiff's exclusive remedy is under the California Workers' Compensation Act.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

### NINTH AFFIRMATIVE DEFENSE
(Longshore and Harborworkers' Compensation Act)

9.  As an ninth affirmative defense, Defendant alleges that the cause of action alleged in the Complaint is barred by the provisions of the LHWCA, 33 U.S.C. Section 901 *et seq.*, in that Plaintiff's exclusive remedy is under the LHWCA.

### REQUESTED RELIEF

WHEREFORE, Defendant hereby requests that: (1) Plaintiff take nothing by reason of the Complaint; (2) the Complaint and each cause of action alleged therein be dismissed with prejudice and at Plaintiff's cost; (3) judgment enter in favor of Defendant, including costs of suit; and (4) such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial in this matter.

Dated: February 15, 2008

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Defendant YANG MING
(AMERICA) CORPORATION

By _____
Mitchell Griffin

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601