GARY B. ROTH, ESQ., State Bar No. 248031
BOXER & GERSON, LLP
300 Frank H. Ogawa Plaza, Suite 500
Oakland, California 94612
Telephone: (510) 835-8870
Facsimile: (510) 835-0415

Attorneys for Plaintiff
DARRYL JACKSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JACKSON,<br><br>  Plaintiff,<br><br>vs.<br><br>YANG MING (AMERICA) CORPORATION, a New York corporation, and DOES 1 through 100, inclusive,<br><br>  Defendants. | No. C-07-6412 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 4, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom No. 7<br>  Federal Building, 19th Floor |

1. <u>Jurisdiction and Service</u>:

Jurisdiction is proper pursuant to the General Maritime Laws of the United States, 28 U.S.C. §§ 1331 and 1332 and pursuant to the provision of 33 U.S.C.A. §905(b), and all statutes supplemental and amendatory thereto. Service of process has been perfected upon the defendant. The defendant has answered the Complaint.

2. <u>Facts</u>:

On or about December 15, 2006, plaintiff, Darryl Jackson, was employed as a Longshoreman and member of International Longshoremen and Warehousemen Union, Local 10, with Pacific Maritime Association and working on M/V Wealth which was moored at Berth 55 at the Marine Terminal Company at the Port of Oakland, County of Alameda, State of California. On that date, Darryl Jackson was climbing down stairs on M/V WEALTH when he slipped on oil that was on the stairs, thereby causing plaintiff to lose his balance and causing him to fall down the stairs. Plaintiff has alleged that

the defendant was responsible for the condition of the vessel and for the defects which caused or contributed to the plaintiff's injuries. Darryl Jackson sustained significant personal injuries, including injuries to his neck, back and legs.

The Defendant, Yang Ming (America) Corporation, denies that the plaintiff slipped on oil on the YANG MING WEALTH and denies that the plaintiff sustained personal injuries as a result of any act or omission attributable to the defendant.

3. <u>Legal Issues</u>:

    A. The liability of Yang Ming (America) Corporation for the condition of M/V Wealth.

    B. The liability of Yang Ming (America) Corporation for the injuries of plaintiff.

    C. The extent of the damages sustained by plaintiff.

    D. Any issues inherent or discovered in the pleadings and discovery responses of the parties.

    E. Whether plaintiff was responsible, in part, for his alleged accident.

4. <u>Motions</u>:

    A. Plaintiff and defendant each anticipate filing pre-trial motions regarding the admissibility of evidence submitted.

    B. Plaintiff and defendant may each file pre-trial motions regarding issues inherent or discovered in the pleadings and discovery responses of the parties.

    C. Defendant Yang Ming (America) Corporation contemplates possibly filing a motion for summary judgment, following percipient witness discovery.

5. <u>Amendment of Pleadings</u>:

    A Plaintiff nor defendant, at this time, anticipate filing an amendment to the pleadings.

    B. Based upon the pleadings and discovery, plaintiff and defendant reserve the right to amend the pleadings to address any issues inherent or discovered in the pleadings and discovery responses of the parties.

///

6. <u>Evidence Preservation</u>:

   A. M/V Wealth should be preserved in its condition so as allow inspection. Plaintiff requests that he be notified of any modification, change or alteration in the condition of the vessel and be permitted to inspect the vessel prior to and such modification, change or alteration.

7. <u>Disclosures</u>:

   A. None by plaintiff.

   B. Defendant, Yank Ming (America) Corporation, has provided its initial disclosures to plaintiff.

8. <u>Discovery</u>:

   A. Plaintiff will file Interrogatories and a Request for Production to the defendant.

   B. Plaintiff will depose the crew of M/V Wealth with knowledge as to the condition of the vessel.

   C. Plaintiff will depose any witnesses disclosed by defendant.

   D. Plaintiff will depose any expert witnesses retained by defendant.

   E. Plaintiff will conduct any discovery necessitated by the pleadings and discovery conducted in this matter.

   A. Defendant will serve Interrogatories and Requests for Production upon the plaintiff.

   B. Defendant will depose the plaintiff and any witnesses disclosed by the plaintiff

   C. Defendant will depose any other witnesses disclosed through discovery and investigation.

   D. Defendant will depose any expert witnesses retained by plaintiff.

   E. Defendant will depose the plaintiff's treating doctors.

9. <u>Class Actions</u>:

   A. None

10. <u>Related Cases</u>:

    A. None.

11. <u>Relief</u>:

   A. Plaintiff is entitled to monetary damages as determined by the jury. Due to plaintiff's ongoing medical treatment, the full extent of his damages is unknown, but in excess of $1.0 million.

   B. Defendant denies that the plaintiff has been damaged as a result of any act or omission of the defendant. Defendant seeks dismissal of the suit and an award of costs.

12. <u>Settlement and ADR</u>:

   A. Plaintiff and Defendant have agreed to submit to mediation. The parties have conferred and tentatively selected a mediator.

13. <u>Consent to Magistrate Judge For All Purposes</u>:

   A. Plaintiff consents to the assignment of this matter to a Magistrate Judge.

   B. Defendant does not consent to the assignment of this matter to a Magistrate Judge.

14. <u>Other References</u>:

   A. None by Plaintiff or Defendant.

15. <u>Narrowing of Issues</u>:

   A. None by Plaintiff or Defendant..

16. <u>Expedited Schedule</u>:

   A. Plaintiff nor Defendant demand expedited consideration.

17. <u>Scheduling</u>:

   A. Both Plaintiff and Defendant submit that this matter be set for trial following adequate time for discovery and that the scheduling order of the court is appropriate.

18. <u>Trial</u>:

   A. Both Plaintiff and Defendant have demanded trial by jury.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

   A. Plaintiff is receiving worker's compensation and/or longshoreman's benefits and his claims may be subject to lien.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

     A. None by Plaintiff or Defendant at this time.

Dated: March 28, 2008

Respectfully Submitted,

BOXER & GERSON, LLP

By: /s/ Gary B. Roth
     GARY B. ROTH
     Attorneys for Plaintiff
     DARRYL JACKSON

Dated: March 28, 2008

COX, WOOTTON, GRIFFIN
HANSEN & POULOS, LLP

By: /s/ Mitchell S. Griffin
     MITCHELL S. GRIFFIN
     Attorneys for Defendant
     YANG MING (AMERICA)
     CORPORATION