IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JACKSON, | No. C-07-6412 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 7** |
| v. | |
| YANG MING (AMERICA) CORPORATION, | |
| Defendant | |

Before the Court is defendant Yang Ming (America) Corporation's "Motion in Limine No. 7 to Exclude Evidence Not Produced Pursuant to Rule 26(a)," filed March 9, 2010. Plaintiff Darryl Jackson has filed opposition. The matter came before the Court at the Pretrial Conference conducted on March 23, 2010, at which time the Court deferred ruling thereon in order to read and consider case authority submitted at the Pretrial Conference. Further, at the Pretrial Conference, the parties clarified that the primary issue presented by the motion is whether plaintiff should be precluded from offering evidence of his alleged future wage loss, in light of plaintiff's not having disclosed evidence of the value of such loss in the form of an after-tax calculation.[1] The Court now rules on that issue as follows.

//

---

[1] To the extent the motion seeks to exclude evidence of other types of damages on discovery grounds, the motion is hereby DENIED, without prejudice to defendant's later objection to specific offers based on a failure to disclose or other grounds.

Although the authorities cited by defendant acknowledge that, in an action brought by an injured longshoreman who alleges a loss of future earnings, "the lost stream of income should be estimated in after-tax terms," see Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 537 (1983), nothing in those authorities suggests the plaintiff bears the burden of producing evidence as to such tax consequences.  See Norfolk & Western R. Co. v. Liepelt, 444 U.S. 490, 492-96 (1980) (holding trial court erred by excluding defendant's expert's testimony as to amount of taxes decedent would have paid had he worked until his expected retirement age; describing defendant's proffered evidence as "relevant").  Indeed, other authority has directly held such burden to rest with the defendant.  See Bergen v. F/V St. Patrick, 816 F.2d 1345, 1351 (9th Cir. 1987) (holding where defendant did not "seek to introduce evidence relating to taxation," trial court did not err by not reducing amount of plaintiff's lost future earnings "to account for taxation of those earnings"; stating Ninth Circuit has "specifically rejected a rule requiring the admission of such evidence"); see also CSX Transportation, Inc. v. Williams, 497 S.E. 2d 66, 68 (Ga. Ct. App. 1998) (holding "federal cases plac[e] the burden on defendant to show the applicable taxes before a [jury instruction] that the lost income portion of the award should be reduced by taxes is appropriate") (collecting cases).

In sum, plaintiff, in establishing his future wage loss, need not offer evidence of such loss in the form of an after-tax calculation.

Accordingly, defendant's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  March 30, 2010

_____
MAXINE M. CHESNEY
United States District Judge

2